ALD-066                                                          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-1872
_____

JOE M. TONEY, JR.,
                                    Appellant

v.

LT. SASSAMAN; G. KALUGO; D. REED; J. CARPENTER
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 4-11-cv-00780)
District Judge:  Honorable William J. Nealon, Jr.

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
December 18, 2014

Before:  RENDELL, CHAGARES and SCIRICA, <u>Circuit</u> <u>Judges</u>

(Opinion filed:  January 9, 2015)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Joe M. Toney, a federal inmate proceeding pro se and in forma pauperis, appeals from the District Court's order dismissing his due process claims and granting summary judgment to the defendants on his retaliation claims. For the reasons set forth below, we will summarily affirm.

I.

Toney claims that the defendants destroyed his property without due process and in retaliation for bringing a separate civil action against them. On August 27, 2009, while incarcerated at the United States Penitentiary in Lewisburg, Pennsylvania, Toney flooded his cell by breaking a sprinkler. He claims he did so because staff members poisoned his food and he needed medical attention. The water damaged much of Toney's property, and staff members disposed of the damaged property.

Toney pursued a variety of administrative remedies in response to the disposal of his property, none of which was successful. He then filed this action pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). After more than a year of litigation, Toney requested appointed counsel, which the District Court denied. The District Court then dismissed Toney's due process claims, granted summary judgment to the defendants on his retaliation claims, denied Toney's motion for summary judgment, and dismissed Toney's motion for default judgment as moot. Toney timely appealed. He has also filed a motion for appointment of counsel in this Court and a motion for an order.

II.

We have jurisdiction pursuant to 28 U.S.C. § 1291, and we review the District Court's decision to deny appointment of counsel for abuse of discretion. Tabron v. Grace, 6 F.3d 147, 158 (3d Cir. 1993). Our review of the District Court's dismissal and summary judgment orders is plenary. See State Auto Prop. & Cas. Ins. Co. v. Pro Design, P.C., 566 F.3d 86, 89 (3d Cir. 2009) (summary judgment); Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000) (motion to dismiss). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Summary judgment is appropriate if, viewing the facts in the light most favorable to the non-moving party, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). We will summarily affirm the District Court's judgment because this appeal does not present a substantial question. See 3d Cir. LAR 27.4; 3d Cir. I.O.P. 10.6.

The District Court did not abuse its "broad discretion" in denying Toney's request for appointment of counsel. Tabron, 6 F.3d at 157. To the contrary, the District Court summarized the applicable standards, weighed the relevant factors, and explained its reasons for denying Toney's request in a detailed order. Toney has not identified any errors in this order and we perceive none.

Nor do we find any errors in the District Court's decision to dismiss Toney's claim that the defendants deprived him of property without due process. Due process claims

for negligent deprivations of property by prison officials are barred by <u>Daniels v. Williams</u>, 474 U.S. 327, 328 (1986). As to any alleged intentional deprivations of property, Toney had adequate post-deprivation remedies—the Bureau of Prison's administrative remedy program and administrative claims procedure—and the record indicates that he had notice and took advantage of these remedies. As such, his claims for intentional deprivations fail. <u>See</u> <u>Hudson v. Palmer</u>, 468 U.S. 517, 533 (1984); <u>Tillman v. Lebanon Cnty. Corr. Facility</u>, 221 F.3d 410, 421-22 (3d Cir. 2000). Because these claims were legally flawed, the District Court correctly concluded that amendment would be futile. Therefore, dismissal with prejudice was proper. <u>See</u> <u>Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.</u>, 482 F.3d 247, 251 (3d Cir. 2007).

Turning to Toney's retaliation claims, this Court considers whether: (1) Toney engaged in constitutionally protected conduct; (2) an adverse action was taken against him by prison officials sufficient to deter him from exercising his constitutional rights; and (3) there was a causal link between the exercise of his constitutional rights and the adverse action taken against him. <u>Rauser v. Horn</u>, 241 F.3d 330, 333 (3d Cir. 2001). As to the third element, "[e]ven if timing alone could ever be sufficient to establish a causal link, we believe that the timing of the alleged retaliatory action must be 'unusually suggestive' of retaliatory motive before a causal link will be inferred." <u>Krouse v. Am. Sterilizers Co.</u>, 126 F.3d 494, 503 (3d Cir. 1997).

We agree with the District Court that Toney failed to provide any evidence of a causal link between the filing of his earlier legal action and the destruction of his property. These events occurred more than one month apart and no other facts suggest

4

retaliatory motive. The inference that the defendants disposed of Toney's property because of the water damage from Toney flooding his cell is much more compelling. Accordingly, summary judgment for the defendants on Toney's retaliation claim was proper.

III.

There being no substantial question presented on appeal, we will summarily affirm the judgment of the District Court. Toney's motions for appointment of counsel and for an order are denied as moot.